```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
                      CASE NO. 23-CR-20454-JB


 UNITED STATES OF AMERICA,              Miami, Florida

                                        February 18, 2025
      vs.
                                        2:48 p.m. - 3:12 p.m.

 CARL ALAN ZAGLIN,                      Volume 1 of 1
 ALDO NESTOR MARCHENA, and
 FRANCISCO ROBERTO COSENZA CENTENO,

           Defendants.                  Pages 1 to 19
 _____

            TRANSCRIPT OF ZOOM STATUS CONFERENCE
          BEFORE THE HONORABLE JACQUELINE BECERRA
                UNITED STATES DISTRICT JUDGE

         APPEARANCES:


 FOR THE GOVERNMENT:          ELI RUBIN
                              Department of Justice
                              99 NE 4th Street
                              Miami, FL 33132

                              PETER L. COOCH
                              SHALIN NOHRIA
                              Department of Justice
                              1400 New York Avenue NW
                              Washington, DC 20005
```

```
 1   FOR DEFENDANT ZAGLIN:         CRAIG A. GILLEN
                                   ANTHONY LAKE
 2                                 Gillen & Lake LLC
                                   400 Galleria Parkway
 3                                 Suite 1920
                                   Atlanta, GA 30339
 4
                                   ROBERT MICHAEL PEREZ
 5                                 3162 Commodore Plaza
                                   Suite 3E
 6                                 Coconut Plaza, FL 33133

 7   FOR DEFENDANT MARCHENA:       JOSE O. CASTANEDA, JR.
                                   PO Box 670008
 8                                 Coral Springs, FL 33067

 9   FOR DEFENDANT CENTENO:        JENNY WILSON
                                   40 NW Third Street
10                                 Suite Penthouse One
                                   Miami, FL 33128
11

12

13

14

15

16

17

18

19

20   STENOGRAPHICALLY REPORTED BY:

21
     VERNITA ALLEN-WILLIAMS, RPR, RMR, FCRR
22   Official Court Reporter to:
     The Honorable Jacqueline Becerra
23   United States District Court
     Southern District of Florida
24   400 North Miami Avenue
     Miami, Florida 33128
25   Vernita_Allen-Williams@flsd.uscourts.gov
```

```
                    (Call to the Order of the Court at 2:48 p.m.)
         THE COURTROOM DEPUTY:  Case No. 23-CR-20454-Becerra,
United States of America vs. Carl Alan Zaglin, Aldo Nestor
Marchena, and Francisco Roberto Cosenza Centeno.
         Counsel, please state your appearances for the record
starting with the government.
         MR. RUBIN:  Good afternoon, Your Honor.  Eli Rubin, Peter
Cooch, and Shalin Nohria on behalf of the United States of
America.
         THE COURTROOM DEPUTY:  For Mr. Zaglin.
         MR. GILLEN:  Good afternoon, Your Honor.  Craig Gillen
and Anthony Lake, counsel for Mr. Centeno here.  And Mr. Zaglin is
also present in the conference room.
         THE COURTROOM DEPUTY:  Mr. Marchena.
         MR. CASTANEDA:  Good afternoon, Judge.  Attorney Jose
Castaneda for Mr. Aldo Marchena.
         MS. WILSON:  Good afternoon, Your Honor.
         THE COURTROOM DEPUTY:  For Mr. Centeno.
         MS. WILSON:  Sorry, Donna.  Jenny Wilson on behalf of Mr.
Cosenza.
         THE COURT:  Good afternoon.  I called you in here for a
status conference or just a brief conference because we're set for
trial in April, and I saw that the assessment is that it's a
three-week trial.  I had plans to be out of the district the week
of the 21st.  I suspect some jurors might have the same issue,
```

```
02:50PM   1   since that's one of the spring break weeks for Miami-Dade County.
02:50PM   2           If I have to cancel it, I'll cancel; but before canceling
02:50PM   3   my daughter's spring break, I thought I would ask you all:  Are we
02:50PM   4   really going in April?  And is it really three weeks?
02:50PM   5           If we're really going in April, I might be inclined to
02:50PM   6   start it a little bit earlier, if we can.  If not and we really
02:50PM   7   have to go in April, I don't expect the defendants to waive their
02:50PM   8   speedys to accommodate me.  I just wanted to kind of get a sense
02:50PM   9   from the government and from each defendant:  Are we really going
02:50PM  10   to trial?  And how long do we think it's going to be?
02:50PM  11           Let me hear from you, Mr. Rubin.
02:51PM  12           MR. RUBIN:  Thank you, Your Honor.  We are currently
02:51PM  13   proceeding on two tracks; one preparing for April 7th trial; and,
02:51PM  14   two, we are complying with the President's recent executive order
02:51PM  15   concerning FCPA investigations and enforcement actions, which
02:51PM  16   requires the Attorney General to review all current enforcement
02:51PM  17   actions, and we are actively facilitating and ensuring that
02:51PM  18   review.
02:51PM  19           We are not moving for a continuance.  We understand
02:51PM  20   defense counsel will.  We would not oppose a brief continuance,
02:51PM  21   but we would oppose a longer continuance.
02:51PM  22           THE COURT:  All right.  Let me hear from you, Mr. Gillen.
02:51PM  23   What background is that?
02:51PM  24           MR. GILLEN:  Mr. Gillen for Mr. Zaglin.
02:52PM  25           And I apologize when I announced that I am here with
```

```
02:52PM  1   Mr. Lake, I forgot to mention that Mr. Perez is on the call as
02:52PM  2   well.  So Robert Perez also for Mr. Zaglin.  This is our situation
02:52PM  3   --
02:52PM  4           THE COURT:  I'm just curious as to what background you're
02:52PM  5   using on your Zoom.  What is that.
02:52PM  6           MR. GILLEN:  I'm using the background that Mr. Lake put
02:52PM  7   on his computer.  The first time I ever saw it, Your Honor, was
02:52PM  8   when we turned it on and I saw myself with that background.
02:52PM  9           THE COURT:  It's interesting.
02:52PM 10           MR. LAKE:  It's Trinity College Library in Dublin,
02:52PM 11   Ireland.
02:52PM 12           MR. GILLEN:  It's much more attractive than the
02:52PM 13   background in our conference room in Atlanta.
02:52PM 14           THE COURT:  Yes, I suspect that it's definitely not
02:52PM 15   Atlanta, but that's all right.
02:52PM 16           Let me hear from you, sir.
02:52PM 17           MR. GILLEN:  This is our position, Your Honor, and we did
02:52PM 18   speak with the government's counsel yesterday about this.  We,
02:52PM 19   having read the President's executive order dated February
02:53PM 20   the 10th, 2025, we believe that we are in the strike zone of the
02:53PM 21   area in which the President has directed that the Attorney General
02:53PM 22   review these matters.  And we believe that the executive order,
02:53PM 23   the President is saying that the attorney general should conduct
02:53PM 24   that review within 180 days.
02:53PM 25           And what we had discussed with government's counsel
```

yesterday, and they are not, you know, we agree to disagree, everything is in flux as it relates to this, but our position is that we are within the strike zone of this executive order.  The case has not begun trial yet.  This is exactly what the President wishes for the Attorney General to review, and we welcome that review.

But we have and what our position will be with the Department of Justice at whatever level we can have our voice heard, will be that we believe that there should be a motion to dismiss without prejudice allowing the Attorney General the 180 days to review the matter.  That way -- excuse me -- that way we don't have a problem with the speedy trial issues, we don't have a problem with the Court's vacation issue for spring break, so it's all in flux.

I will say as relates to a brief continuance regarding the trial, we don't have a problem with that.  But we do think that right now that we should know something, I would imagine, within DOJ within the next -- hopefully within the next week or two about how DOJ perceives pending FCPA cases that are not in the middle of a trial like our case, and so that's where we stand.

We think hopefully that once DOJ looks at this, there will be a pause.  We think it should not be a motion to stay; it should be a motion to dismiss without prejudice, allowing the Attorney General to do the review the President requests.  So that's where we stand on issue one, the executive order.

```
02:55PM   1           But issue two, we have no problem whatsoever with a brief
02:55PM   2   continuance of the trial date to facilitate and accommodate the
02:55PM   3   Court and potential jurors for the spring break issues.
02:55PM   4           THE COURT:  All right.  Let me hear from -- is it you,
02:55PM   5   Mr. Castaneda who is going to speak for your client?  You're on
02:55PM   6   mute.  You hit the button twice.
02:56PM   7           MR. CASTANEDA:  Sorry.  Technical difficulties.
02:56PM   8           THE COURT:  No problem.
02:56PM   9           MR. CASTANEDA:  I did speak with cocounsel and Mr. Gillen
02:56PM  10   and attorney Wilson.  I never had a situation like this come up
02:56PM  11   during a litigation of a case, Your Honor.
02:56PM  12           So I spoke to my client, he is in custody, but he is
02:56PM  13   serving a sentence on something else, so we did previously waive
02:56PM  14   speedy trial, but I guess we'll go along with what counsel is
02:56PM  15   saying.  We don't mind resetting the trial and seeing what the
02:56PM  16   government is going to do with this case.
02:56PM  17           I know Mr. Rubin and Mr. Cooch have been giving us
02:56PM  18   information; I just don't know what the status will be in this
02:56PM  19   case.
02:56PM  20           THE COURT:  Ms. Wilson.
02:56PM  21           MS. WILSON:  Yes, Your Honor.  I agree with much of, if
02:56PM  22   not all of, what has been said today.  The fact that this order
02:56PM  23   came out last week, it puts us in a bit of a strange situation
02:56PM  24   preparing for trial or, alternatively, moving forward on any kind
02:57PM  25   of resolution in light of the President's fairly clear orders.
```

02:57PM 1    So whether it's a stay or a continuance or the option
02:57PM 2  that Mr. Gillen proposed, we will defer to the Court.  But to the
02:57PM 3  extent that we need to waive speedy in a limited fashion to get
02:57PM 4  this resolved, we certainly would agree to do so.
02:57PM 5    THE COURT:  What I am not hearing, and let me hear now
02:57PM 6  from you, Mr. Rubin, the executive order, and I am going by memory
02:57PM 7  now, was, and I think somebody mentioned, was 180 days.
02:57PM 8    Does the government have any sense of when that review in
02:57PM 9  this case will be done because from my vantage point, I would
02:57PM 10 suspect that the defense lawyers are taking one position now; if
02:57PM 11 the Attorney General thinks this case needs to go forward, then
02:57PM 12 they need to start getting ready for trial.  It probably doesn't
02:57PM 13 make a ton of sense to get ready for trial if they're trying to
02:57PM 14 negotiate or if they're thinking that there's going to be a
02:57PM 15 dismissal.
02:57PM 16   So I want to have some sense of what the government's
02:58PM 17 timeline is for this.
02:58PM 18   MR. RUBIN:  Yes, Your Honor.
02:58PM 19   The 180-day time period refers to the Attorney General's
02:58PM 20 setting of new guidelines; it does not speak to the review of
02:58PM 21 current enforcement actions.
02:58PM 22   We understand that the Attorney General has prioritized
02:58PM 23 her review of indicted cases, and we are doing everything we can
02:58PM 24 to expedite that review.  We do not yet know when that review will
02:58PM 25 be complete.

```
02:58PM   1          THE COURT:  All right.  So then in light of the fact that
02:58PM   2   the government is representing that the Attorney General will be
02:58PM   3   reviewing this matter, the Justice Department in Washington will
02:58PM   4   be reviewing this matter, let me hear from each defendant as to
02:58PM   5   whether or not they seek a continuance of the current trial date
02:58PM   6   for that reason and for how long.  I'm not inclined to stay a
02:58PM   7   criminal case with defendants that are in custody; I am not
02:59PM   8   inclined to do that.
02:59PM   9          So tell me if you seek a continuance for that reason
02:59PM  10   because you are trying to figure out what's going to happen.  Let
02:59PM  11   me hear how much, because otherwise I have to have it on a trial
02:59PM  12   calendar, and I'm not necessarily inclined to even move it from
02:59PM  13   the calendar it's on now.  I wanted to hear from you whether it
02:59PM  14   was really going to go because I didn't want to hear two weeks
02:59PM  15   before trial:  Oh, now we need another two weeks.
02:59PM  16          If folks don't object to me just setting the trial the
02:59PM  17   last week of April, I'll do that.  If you need more time because
02:59PM  18   of what Mr. Rubin has represented, then that's fine.  But I need a
02:59PM  19   date.  If you're going to move to dismiss the indictment, that's a
02:59PM  20   whole different thing; file your motion.
02:59PM  21          But I need to keep a trial date.  So let me hear from
02:59PM  22   you, Mr. Gillen.  What say you on the trial date for this matter?
02:59PM  23          MR. GILLEN:  Your Honor, right now what I would ask the
02:59PM  24   Court to do is now to extend the trial date to the end of April.
03:00PM  25   That's fine.  But also to set within two or three weeks another
```

03:00PM 1 status conference to determine whether or not progress is being
03:00PM 2 made at DOJ.
03:00PM 3         My understanding is that they really haven't sat down and
03:00PM 4 pounded out guidelines or anything to determine whether we think,
03:00PM 5 for example, that meet within the heartland of what the President
03:00PM 6 wants, to essentially stop investigations and enforcements.
03:00PM 7         This isn't really -- when you look at what the executive
03:00PM 8 order says, not only does it tell the Attorney General and mandate
03:00PM 9 the Attorney General to inspect or examine existing investigations
03:00PM 10 and enforcements, but the spirit of what President Trump was
03:01PM 11 saying is also reflected in Section D of the executive order where
03:01PM 12 he's actually saying there that:  The Attorney General shall
03:01PM 13 determine whether additional actions, including remedial measures,
03:01PM 14 with respect to inappropriate past FCPA investigations and
03:01PM 15 enforcement actions are warranted.
03:01PM 16         What does that mean?  The last thing that anybody wants,
03:01PM 17 I think, would be for a trial of this case to take place that
03:01PM 18 would fall into what the Attorney General would find to be the
03:01PM 19 heartland of cases that shouldn't go forward.  Nobody wants that.
03:01PM 20 I don't think the prosecutors want that.  We certainly don't want
03:01PM 21 that.  We don't know yet.
03:01PM 22         But I think, Your Honor, that the Attorney General's
03:01PM 23 office has got to be getting its act together on this, and one
03:01PM 24 would imagine within the next two or three weeks.  So I suggest
03:02PM 25 that we set now a trial date for the end of April.  The only --

```
03:02PM   1   and I have no problem with that.
03:02PM   2           And Mr. Zaglin is here.  And do you agree with me, Mr.
03:02PM   3   Zaglin?
03:02PM   4           DEFENDANT ZAGLIN:  Yes, sir.
03:02PM   5           MR. GILLEN:  He agrees with me that he doesn't have a
03:02PM   6   problem with that either.  And then schedule a conference call in
03:02PM   7   two or three weeks, or at the latest to have the government notify
03:02PM   8   the Court and counsel when they are getting instruction from the
03:02PM   9   Attorney General's office about how they're going to proceed with
03:02PM  10   indicted cases that fall within the heartland.
03:02PM  11           So I would say now move it to the end of April and set
03:02PM  12   another status conference for two or three weeks.  In the interim
03:02PM  13   if Peter or Eli hear additional information about how the Attorney
03:03PM  14   General's office and its decision will impact us, let us know, and
03:03PM  15   then we can have another status conference to revisit it.
03:03PM  16           THE COURT:  All right.  Mr. Castaneda.
03:03PM  17           MR. CASTANEDA:  Sorry, Judge.  Yeah, I concur with Mr.
03:03PM  18   Gillen.  I believe that's fine.  I know my client is in custody,
03:03PM  19   Your Honor.  I just wanted to make it clear that he is serving
03:03PM  20   another sentence, so it's really not an issue as far as that, so.
03:03PM  21           THE COURT:  But I think it is an issue for Ms. Wilson's
03:03PM  22   client because I believe Ms. Wilson's client was extradited.  Is
03:03PM  23   that correct, Ms. Wilson?
03:03PM  24           MS. WILSON:  He is, but he is a currently out on bond.
03:03PM  25           THE COURT:  So what is your position with respect -- I'd
```

03:03PM 1  just move the trial to April 28th is all I would do.
03:03PM 2          MS. WILSON:  Your Honor, we don't object to an April 28th
03:03PM 3  date at this point, just noting that a lot of things could change
03:03PM 4  in the next few weeks.  And as this starts evolving, I don't --
03:03PM 5  perhaps we will be back before the Court, but it's really too
03:03PM 6  early I think to say which way.
03:04PM 7          We certainly agree with everything that's been said, and
03:04PM 8  we think that this does fall squarely within the President's order
03:04PM 9  and we do believe it should be considered for dismissal; but at
03:04PM 10 this point late April is still two months away, so we don't object
03:04PM 11 right now to that remaining the trial date.
03:04PM 12         THE COURT:  All right.  Given the complexities of the
03:04PM 13 case before the issue of the executive order, I am going to leave
03:04PM 14 the calendar call as it is.  So the calendar call will remain the
03:04PM 15 same.
03:04PM 16         The first day of the trial is April 28th, and the
03:04PM 17 government is ordered to file every two weeks, starting two weeks
03:04PM 18 from today, a status with respect to its intentions to pursue the
03:04PM 19 case.  Mr. Rubin, if you have no information, you will have no
03:04PM 20 information; but you'll still have to file something every two
03:04PM 21 weeks.
03:04PM 22         I don't want to be in a position where the Attorney
03:04PM 23 General decides in late March that this case is not within the
03:04PM 24 heartland and that the government is going to continue to pursue
03:04PM 25 the case, and then all the defense lawyers tell me:  Well, we

03:04PM  1  haven't been getting ready for trial.  We need more time.  Right?
03:05PM  2  If you need more time to get ready for trial, I will give it to
03:05PM  3  you, obviously, but I'm trying to avoid that happening.  I'm
03:05PM  4  trying to keep a trial date that is as orderly as possible.
03:05PM  5         And so I will require the government every two weeks in
03:05PM  6  writing to submit the status with respect to its intentions to
03:05PM  7  continue to pursue the case, Mr. Rubin.  And I won't have status
03:05PM  8  conferences.  We will make the government do that in writing.  I
03:05PM  9  think that's more efficient, and I think that -- I obviously don't
03:05PM  10 know what the Attorney General is doing or what pace they're going
03:05PM  11 to be doing it or who is reviewing it.  I have no way of knowing
03:05PM  12 that, nor is it within my purview to know it at this time.  Mr.
03:05PM  13 Rubin can keep us advised.
03:05PM  14         That way if I am in a position where I have to clear that
03:05PM  15 trial because there is not going to be a trial, there's other
03:05PM  16 people waiting for trials; or if you're going to need more time,
03:05PM  17 then I know I have to move it because it's a three-week trial
03:05PM  18 that's going to take up a good bit of time on my calendar.  I
03:06PM  19 start a case in September that I'm going to be in trial in for
03:06PM  20 about three months, so I'm trying to juggle that to make sure that
03:06PM  21 I can try what I need to try before I disappear into that case.
03:06PM  22         Anything else on behalf of the United States then?
03:06PM  23         MR. RUBIN:  Yes, Your Honor.  Thank you.  Understood on
03:06PM  24 the status updates.
03:06PM  25         One point is the defense didn't formally move to

```
03:06PM   1    continue, so I am not sure that the speedy trial waiver was
03:06PM   2    triggered.  I don't know if you want to make a finding on the
03:06PM   3    record or ask them to formally waive their rights under the speedy
03:06PM   4    trial.
03:06PM   5           And then second, is it worth visiting at this point in
03:06PM   6    time a scheduling order?  We had previously submitted one with the
03:06PM   7    agreement of Mr. Zaglin.  I don't want to belabor it if it's too
03:06PM   8    complicated now, so I just raise that for your consideration.
03:06PM   9           THE COURT:  No.  And that scheduling order is what
03:07PM   10   prompted me to have this hearing.  So with respect to the speedy,
03:07PM   11   I am interpreting -- I obviously called the issue of moving the
03:07PM   12   trial for the Court's docket.  But what I heard as we went through
03:07PM   13   each defendant is that each defendant was seeking additional time
03:07PM   14   to sort out these issues with the Department of Justice.
03:07PM   15           I think they might have wanted more time than I've given
03:07PM   16   them, but I do find that the Speedy Act would be tolled for the
03:07PM   17   time period at least until the 28th, and I do so based on the
03:07PM   18   representations made by counsel and in the interests of justice.
03:07PM   19           It is my practice to ask the defense lawyers to submit a
03:07PM   20   written waiver up until the 28th.  I think one or two of you might
03:07PM   21   have orally stated that there was a waiver.  I know Mr. Gillen
03:07PM   22   orally said his client agreed.  Mr. Castaneda said he didn't think
03:07PM   23   his client would disagree because he was already in custody.  I
03:07PM   24   think Ms. Wilson said that she didn't see an issue with the
03:07PM   25   speedy, but I will ask each lawyer to submit the speedy waiver up
```

Case 1:23-cr-20454-JB   Document 112   Entered on FLSD Docket 02/27/2025   Page 15 of 19

15

```
03:07PM   1   until the 28th.
03:08PM   2              THE COURTROOM DEPUTY:  Signed by the defendant, Judge?
03:08PM   3              THE COURT:  Signed by the defendant, correct.  That's
03:08PM   4   what my order requires; that they each be signed by the defendant.
03:08PM   5   I will give you a week to get that.
03:08PM   6              Mr. Castaneda, if you need more time because your client
03:08PM   7   is in custody, I will give you an additional week to do so.
03:08PM   8              MR. CASTANEDA:  Thank you.  I had filed a written waiver
03:08PM   9   previously.  Do you want me to file another one, Your Honor?
03:08PM  10              THE COURT:  I think the written waiver that you had
03:08PM  11   previously didn't have a date is the problem.
03:08PM  12              MR. CASTANEDA:  Okay.
03:08PM  13              THE COURT:  So I like for them to have a date so that I
03:08PM  14   think the record is most clear that way, so do it with respect to
03:08PM  15   a date.
03:08PM  16              With respect to the scheduling order, I am hesitant to
03:08PM  17   enter it at this time.  Mr. Rubin, let's see where you are two
03:08PM  18   weeks from now.  If two weeks from now it seems like it is a case
03:08PM  19   that's going forward, then you will resubmit a scheduling order
03:08PM  20   because I've moved the trial back two weeks already, so some of
03:08PM  21   those dates might change.  I will work with you on the dates.
03:08PM  22              I am going to work with you on the scheduling order.  I
03:08PM  23   think it is a good practice to have a scheduling order on a case
03:09PM  24   of this complexity, so submit it; but I am not going to enter the
03:09PM  25   one that you just proposed now because, A, we have moved the case
```

```
03:09PM  1   a couple of weeks; and, B, it looks like things are sufficiently
03:09PM  2   in flux that those dates are going to be probably reconsidered.
03:09PM  3            MR. RUBIN:  Understood.  Thank you, Your Honor.
03:09PM  4            THE COURT:  All right.  Mr. Gillen, anything else on
03:09PM  5   behalf of your client?
03:09PM  6            MR. GILLEN:  No, Your Honor.  I was having difficulty
03:09PM  7   hearing what the Court stated.
03:09PM  8            Our new trial date would be what date?
03:09PM  9            THE COURT:  The 28th of April.
03:09PM 10            MR. GILLEN:  April the 28th, yes, Your Honor.  Nothing
03:09PM 11   other than if we hear back, I would state that the next major date
03:09PM 12   on the scheduling order is March the 4th preliminary exhibit and
03:09PM 13   witness list.
03:09PM 14            THE COURT:  So I am not entering that scheduling order.
03:09PM 15   We're going to wait to see what happens in the next two weeks in
03:09PM 16   the first instance.  So your calendar call is still -- I think it
03:09PM 17   was April 2nd.  Donna?
03:10PM 18            THE COURTROOM DEPUTY:  April 1st.
03:10PM 19            THE COURT:  April 1st.  Trial April 28th the standard
03:10PM 20   order that you now have has some dates you work backward from.  I
03:10PM 21   know the parties want a different scheduling order; I am not going
03:10PM 22   to enter that one now.  We will see where we are two weeks from
03:10PM 23   now and whether or not you come up with something different given
03:10PM 24   the change.  All right?
03:10PM 25            MR. GILLEN:  I would just simply say this, and I
```

```
03:10PM   1   appreciate the Court's flexibility.  And we do appreciate the
03:10PM   2   cooperation that we have had with the prosecutor regarding the
03:10PM   3   scheduling order.
03:10PM   4           The voluminous nature of the exhibits in this case is
03:10PM   5   such that we found that both in our respective interests to set
03:10PM   6   out these fairly early discovery for exhibit lists and witness
03:10PM   7   lists, and so we are going to be moving forward to try to get ours
03:10PM   8   in pretty good shape.  I know that the prosecutors have been
03:11PM   9   working with us, and we agree that we want to have this in a
03:11PM  10   situation for the Court and for the jury where the trial will go
03:11PM  11   as smoothly as possible.
03:11PM  12           So I just would indicate that when we hear back from the
03:11PM  13   government that we would like something that will give us some
03:11PM  14   assurances about when we're going to be getting our exhibit lists,
03:11PM  15   witness lists, and our responses and the motions in limine, which
03:11PM  16   could be somewhat complex in this case.
03:11PM  17           THE COURT:  Right.  I think that's exactly what I said.
03:11PM  18   So I am not going to enter the one that's proposed now because
03:11PM  19   both the case appears to be in flux and the trial has moved three
03:11PM  20   weeks.  So in the next status report, which Mr. Rubin will submit
03:11PM  21   two weeks from now, depending on where you are two weeks from now,
03:11PM  22   you may request that I enter a scheduling order; and if it's a
03:11PM  23   joint one, I will enter it.  I suspect that the dates will move a
03:11PM  24   little bit given that the trial right now has already moved three
03:11PM  25   weeks.  All right?
```

```
03:11PM   1        MR. GILLEN:  Thank you, Your Honor.
03:12PM   2        THE COURT:  Mr. Castaneda?
03:12PM   3        MR. CASTANEDA:  Judge, would the calendar be on Zoom or
03:12PM   4   would that be in person?
03:12PM   5        THE COURT:  No, in person.  I only did this by Zoom now
03:12PM   6   because I know Mr. Gillen is in Atlanta and I thought it was a
03:12PM   7   fairly routine status and I didn't want to have him fly down just
03:12PM   8   for that, but you all will have to come for the calendar call.
03:12PM   9        MR. CASTANEDA:  Thank you, Judge.
03:12PM  10        THE COURT:  Ms. Wilson?
03:12PM  11        MR. GILLEN:  Thank you, Your Honor, for accommodating us
03:12PM  12   here in Atlanta.  We appreciate that.
03:12PM  13        THE COURT:  Sure.  Ms. Wilson?
03:12PM  14        MS. WILSON:  Nothing on behalf of Mr. Cosenza.  Thank
03:12PM  15   you, Your Honor.
03:12PM  16        THE COURT:  Thank you very much.  We're in recess.
03:12PM  17        MR. RUBIN:  Thank you, Your Honor.
03:12PM  18        MR. CASTANEDA:  Take care, everyone.
03:12PM  19        (Recess at 3:12 p.m.)
         20
         21
         22
         23
         24
         25
```

```
 1                         C E R T I F I C A T E
 2
           I hereby certify that the foregoing is an accurate
 3
    transcription of the proceedings in the above-entitled matter.
 4

 5

 6    DATE:   2/27/25              /s/Vernita Allen-Williams
                                   VERNITA ALLEN-WILLIAMS, RMR, CRR
 7                                 Official Court Reporter
                                   United States District Court
 8                                 Southern District of Florida
                                   400 North Miami Avenue
 9                                 Miami, Florida 33128
                                   (305) 523-5737
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```